**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                     Case No. 3:10-cr-284-TJC-JBT

AMADEO HERNANDEZ
JAIMES

## **O R D E R**

This case is before the Court on Defendant Amadeo Hernandez Jaimes's

Motion for a Reduction of Sentence. (Doc. 293). On January 15, 2026, the Court

appointed John Rockwell, Esq. to represent Jaimes with respect to his motion.

(Doc. 296). Mr. Rockwell filed a Supplement to and Memorandum in Support of

Defendant's Motion (Doc. 301), [1] to which the Government responded.

(Doc. 302). The issue is whether Jaimes is eligible for a reduction in his sentence

under Amendment 782 of the United States Sentencing Guidelines.

## **I. Background**

On January 18, 2012, Jaimes pleaded guilty to conspiracy to distribute

five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and

(b)(1)(A). The November 2011 edition of the Sentencing Guidelines was used to

---

[1] The Court will consider only the Supplement filed by counsel. See Local Rule 2.02(b)(3) ("If a lawyer represents a person in an action, the person can appear through the lawyer only.").

determine his advisory guideline range of 262–327 months, based on a Total Offense Level of 39 and a criminal history score of I. (Presentence Investigation Report ["PSR"] at 11). His base offense level was calculated as a 38 for an offense "involving 150 kilograms or more of cocaine[,]" which was the highest base level for cocaine offenses at the time. (Id.) (citing U.S.S.G. § 2D1.1). Jaimes received a four-level enhancement for his role as an organizer or leader in the conspiracy, and a three-level reduction for acceptance of responsibility. Importantly, the PSR noted that Jaimes was also "involved in a deal for 30 pounds of pure methamphetamine, together with the historical transactions involving the distribution of [] well in excess of 150 kilograms of cocaine." (Id. at 10).

On September 18, 2012, the Court sentenced Jaimes to 300 months of imprisonment followed by a five-year term of supervised release. (Doc. 171). The Court adopted the PSR in full without change. (Statement of Reasons at 1). Notably, Jaimes did not object to the PSR at sentencing. (See generally doc. 176, sentencing hearing transcript).

On November 1, 2014, Amendment 782 became effective, reducing the Sentencing Guidelines for most drug trafficking offenses by two levels. As relevant here, the Amendment reclassified the base offense level for offenses involving 150–450 kilograms of cocaine to a level 36, while offenses involving more than 450 kilograms of cocaine now result in a base offense level of 38. Since the Amendment became effective, Jaimes filed several pro se motions for

2

reduction in sentence, which were denied. (Docs. 244, 282, 292). In his most recent motion (Doc. 293), Jaimes argues he should be heard again because his previous pro se motion was done "unartfully" and he has now identified the "correct legal principles" to be applied. To ensure Jaimes received due consideration, the Court appointed Jaimes counsel, who filed briefing on his behalf. (Doc. 301).

## II. Analysis

A court may modify a term of imprisonment under limited circumstances. 18 U.S.C. § 3582(c) (establishing circumstances); United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010) ("The authority of a district court to modify an imprisonment sentence is narrowly limited by statute."). If a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court may reduce the term of imprisonment upon motion of the defendant "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2).

The Supreme Court has instructed courts to undertake a two-step analysis in such circumstances. Dillon v. United States, 560 U.S. 817, 827 (2010). First, the court determines whether the amended guidelines range would have been applicable to the defendant had the amendment been in effect

3

at the time of sentencing. Id. Second, the court considers any applicable § 3553(a) factors and determines whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the circumstances of the case. Id.

If a district court's findings at sentencing are not specific enough to support a conclusion about whether a reduction under a sentencing Amendment is warranted, the court should review "the entire record before it at the time of the original sentencing" to see if it can make any further findings to resolve the issue. See United States v. Hamilton, 715 F.3d 328, 340 (11th Cir. 2013). However, "[a] district court properly denies a § 3582 motion where the uncontroverted drug quantity listed in the [PSR] establishes that the defendant would be subject to the same guideline range, even after a retroactive amendment to the Guidelines." United States v. Robinson, 779 F. App'x 622, 625 (11th Cir. 2019) (citing United States v. Davis, 587 F.3d 1300, 1303–04 (11th Cir. 2009)). The defendant bears the burden of proving his eligibility for a § 3582(c)(2) sentence reduction. Id. (citing Hamilton, 715 F.3d at 337).[2]

---

[2] Before a defendant may move for modification, the defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or thirty days must lapse after the warden of the defendant's facility receives such a request. See 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement is mandatory in the sense that a court must enforce the rule if a party properly raises it. United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). Here, the parties do not dispute that Jaimes has exhausted his administrative remedies, so exhaustion

Jaimes argues his prison term should be reduced under § 3582(c)(2) because the amended guideline range would have been applicable to him had it been in effect when he was sentenced, resulting in a range of 210–262 months, and because the transaction involving 30 pounds of methamphetamine was not used to calculate his Sentencing Guidelines range. (Doc. 301 at 13). He also contends that the § 3553(a) factors are in his favor because he has been a model inmate and has a low risk of recidivism. (Id. at 15). The Government responds that "the record forecloses relief" since the Court adopted the PSR's factual findings in full. (Doc. 302 at 3). The Government adds that if the Drug Conversion Tables are used to consider the cocaine and methamphetamine together, the substances would yield "more than three times the 90,000-kilogram threshold required for a base offense level 38." (Id.) (citing U.S.S.G. § 2D1.1(c)(1)).[3]

Assuming arguendo that the Court's original drug findings were not specific enough to determine whether Jaimes's base offense level should be lowered, the Court has undertaken a comprehensive review of the PSR, the

is not at issue.

[3] The Government also contends that the law-of-the-case doctrine independently bars relief. (Docs. 294, 302). This doctrine "generally provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Musacchio v. United States, 577 U.S. 237, 244–45 (2016). For the sake of the analysis, the Court assumes that the law-of-the-case doctrine does not bar relief.

sentencing hearing transcript, the plea agreement, and other documents available to the Court at the time of sentencing. Based on this review, the Court determines that Jaimes has not carried his burden to show his base offense level should be lowered from 38 to 36.

Even if the amount of cocaine Jaimes was responsible for now results in a base offense level of 36, Jaimes is also responsible for 30 pounds (or approximately 13.6 kilograms) of pure methamphetamine, which independently results in a base offense level of 38. See U.S.S.G. § 2D1.1(c)(1) (establishing a base offense level of 38 for drug trafficking offenses involving 4.5 kilograms or more of actual methamphetamine). And the Government is correct that if the Drug Conversion Tables are used to consider the cocaine and methamphetamine together, the substances would yield "more than three times the 90,000-kilogram threshold required for a base offense level 38." (Doc. 302 at 3) (citing U.S.S.G. § 2D1.1(c)(1)). While the Court did not explicitly rely on the methamphetamine transaction at the sentencing hearing, it still factors into Jaimes's sentence because the PSR was adopted without change or objection. (Statement of Reasons at 1); see also Davis, 587 F.3d at 1303–04 ("The sentencing court was permitted to make factual findings based on the undisputed statements in the [PSR]. . . . [The defendant] was deemed to have admitted, for sentencing purposes, the facts in the [PSR] he did not object to clearly and specifically at sentencing."). Consequently, Jaimes's motion is due

to be denied because "the uncontroverted drug quantity listed in the [PSR] establishes that [he] would be subject to the same guideline range, even after [the] retroactive amendment to the Guidelines." Robinson, 779 F. App'x at 625.

Even if the Court were to assume Jaimes is eligible for a reduction in sentence based on Amendment 782, the § 3553(a) factors do not support a modification of his sentence. For instance, the nature and circumstances of the offense weigh against granting his motion. See 18 U.S.C. 3553(a)(1). The amount of cocaine he distributed was substantial, and he was a leader of the sophisticated drug trafficking conspiracy over a period of years. (Docs. 121; 176, sentencing hearing transcript at 56 et seq.). The drugs he distributed no doubt had a continuing deleterious effect on communities in Putnam County and wherever else they landed. Jaimes's sentence must also reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; it must afford adequate deterrence to criminal conduct; and it must protect the public from further crimes. See 18 U.S.C. § 3553(a)(2). These considerations counsel against granting Jaimes's motion. Thus, even if the Court found that Jaimes is eligible for a reduction of his sentence based on Amendment 782, the Court, in its discretion, finds the § 3553(a) factors do not favor the sentence modification he requests.

Accordingly, it is hereby

**ORDERED:**

Defendant Amadeo Hernandez Jaimes's Motion for Reduced Sentence (Doc. 293) and the Supplement thereto (Doc. 301) are **DENIED**.[4]

**DONE AND ORDERED** in Jacksonville, Florida this 16th day of July, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

hms
Copies:

Counsel of record
U.S. Probation
U.S. Pretrial Services
U.S. Marshals Service
Defendant

---

[4] The Court appreciates the service of court-appointed counsel. If Jaimes wishes to appeal this Order, the Court would extend counsel's appointment if he is willing to undertake the appeal.

8